### PASCHEN v. ALEXANDER.
### No. 8637.

Court of Civil Appeals of Texas. San Antonio.
June 17, 1931.

Rehearing Denied July 15, 1931.

See, also, 29 S.W.(2d) 430.

Bliss & Daffan, of San Antonio, for appellant.

Kelley, Looney & Norvell and J. F. Carl, all of Edinburg, for appellee.

FLY, C. J.

This suit was instituted by appellee against appellant to recover of him the sum of $2,200, alleged to be due by virtue of a certain written contract executed by appellant and appellee. The court submitted the cause to a jury on special issues, and on the answers rendered a judgment in favor of appellee for $1,300.

Appellee was a tenant of appellant, being a lessee for approximately 100 acres of land. On March 6, 1929, a written contract was entered into between the parties, by which it was agreed that, if appellant sold the land, or any part thereof, appellee would, on being notified, relinquish the whole or any part of the land, as the case might be, and appellant would pay appellee at the rate of $20 per acre for the number of acres so relinquished before September, 1929. March 15, 1929, appellee relinquished possession of 65 acres of the land to Farris, the purchaser of the same. Appellant refused to pay anything to appellee. The evidence is ample to sustain the verdict and judgment.

The cause is not briefed according to the rules in effect before the Act of the 42d Legislature (chapter 45 [Vernon's Ann. Civ. St. arts. 1757, 1846]) went into effect, on April 9, 1931, and, if that act prescribes any method for briefing, it has not been followed. What is denominated the first proposition is merely an argument against the sufficiency of the evidence to sustain the finding of the jury that appellee delivered possession of 65 acres of the land on request of appellant. There is no proposition of law involved in the argument.

The second proposition assails the verdict and judgment on the ground that there was no testimony justifying a finding that part of the land was relinquished or that any such action was contemplated. Provision is made in the contract for relinquishing part of the land, and, if the testimony of appellee showed abandonment of the whole 100 acres, the verdict injured appellee and not appellant.

The third proposition is without merit and is overruled. No rent was due by appellee to appellant for the year 1929.

There is no error shown, fundamental or otherwise, in the court rendering judgment for $1,300. Under the answers of the jury it necessarily followed that appellee should, under the contract, recover for 65 acres at $20 an acre.

The court did not err in refusing to grant a new trial on the ground of newly discovered

testimony. Farris, from whom the newly discovered testimony was to be obtained, was on the stand during the trial, and, although the facts to which he was expected to testify were obtained by him in the presence of appellant, who must have known of the presence of Farris and the importance of his testimony, appellant did not ask any questions to bring out the testimony. Farris was expected to testify to a conversation which occurred between appellant and appellee. It is too great a strain on credulity to believe that Farris heard any such conversation, but, if he did, appellant knew it at the trial and yet made no effort to elicit that testimony from the witness.

The judgment will be affirmed.